UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF FLORIDA

                    CASE NO. 08-61299-CIV-ZLOCH


RUTH B. CARRIS,

        Plaintiff,
                                        **FINAL ORDER OF DISMISSAL**
vs.                                      **AS TO COUNTS III & IV**

STORAGE EXPRESS I, LLC,
et al.,

        Defendants.
                                   /

     THIS MATTER is before the Court sua sponte.  The Court has carefully reviewed the entire court file and is otherwise fully advised in the premises.

     Plaintiff has filed a Complaint (DE 1) which alleges the following counts: 1)  42 U.S.C. §§ 2000 et seq. Sexual Harassment and Retaliation, 2) Florida Statutes §§ 760 et seq.  Sexual Harassment and Retaliation, 3) Negligent Hiring, Retention and Supervision, and 4) Intentional Infliction of Emotional Distress.

     The Court notes that federal courts are courts of limited jurisdiction.  The presumption, in fact, is that a federal court lacks jurisdiction in a particular case until it has been demonstrated that jurisdiction over the subject matter exists. United States v. Rojas, 429 F.3d 1317, 1320 (11th Cir. 2005), citing Turner v. Bank of N. Am., 4 U.S. (4 Dall.) 8, 11 (1799). Nevertheless, the exercise of jurisdiction is proper over claims to which the Court's jurisdiction would ordinarily not extend if they

form part of the same case or controversy as "any civil action of which the district courts have original jurisdiction."  28 U.S.C. § 1367 (2006).  Such original jurisdiction is proper over claims "arising under the Constitution, laws, or treaties of the United States" or "arising under any Act of Congress regulating commerce."  28 U.S.C. § 1331 (2006).  "Whether a claim 'arises under' federal law is governed by whether the plaintiff's 'well-pleaded complaint' raises federal issues."  Belasco v. W.K.P. Wilson & Sons, Inc., 833 F.2d 277, 281 (11th Cir. 1987) (citing Gully v. First Nat'l Bank, 299 U.S. 109 (1936) and Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149 (1908)).

In the Complaint (DE 1), Plaintiff asserts claims arising under 42 U.S.C. §§ 2000 et seq. and §§ 760 et seq.  The basis for this Court's jurisdiction over said Complaint is 28 U.S.C. § 1331.  In Counts III and IV Plaintiff alleges various state law claims.  DE 1.  Therefore, jurisdiction over Counts III and IV is premised upon the Court's exercise of supplemental jurisdiction according to 28 U.S.C. § 1367.  This section provides that

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

Id. § 1367 (2006).  It is clear that this Court has original jurisdiction over the federal law claims asserted in Plaintiff's

Complaint pursuant to 28 U.S.C. § 1331.  After reviewing the entire court file herein, the Court finds that the state law claims alleged by Plaintiff against Defendants substantially predominate the claims over which this Court has original jurisdiction.  28 U.S.C. § 1367(c)(2) (2006); See Winn v. North Am. Philips Corp., 826 F. Supp. 1424, 1426 (S.D. Fla. 1993).  Therefore, this Court declines to exercise supplemental jurisdiction over the state law claims in the instant action.[1]

The Court recognizes that current trends in the law favor expanded federal court jurisdiction.  The Court is mindful, however, that Article III of the Constitution of the United States very clearly prescribes the scope of such jurisdiction.  While those who advocate a more liberal interpretation of Article III, as well as a complete disregard of the boundaries of federal jurisdiction originally defined by the founding fathers, may disagree with the limited view of federal jurisdiction expressed by this Court and by the cases cited within this Final Order of Dismissal, the Court's decision herein is entirely faithful to the Constitution and to the intent of the founding fathers.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Plaintiff's claim raised in Counts

---

[1] The Court directs the Plaintiff to 28 U.S.C. § 1367(d), which tolls the limitations period on these claims for thirty days, unless state law provides for a longer tolling period, so that the claims may be refiled in state court.

3

III and IV of the Complaint (DE 1) be and the same are hereby **DISMISSED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___14th___ day of August, 2008.

/s/ William J. Z.
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record